## HERB HIATT et al. v. STATE.

No. A-6218.   Opinion Filed Feb. 11, 1928.
Rehearing Denied Nov. 17, 1928.
(271 Pac. 431.)

A. W. Anderson and D. E. Ashmore, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J.   The information in this case charges that Herb Hiatt, Homer Hart, and W. M. Brannon did have in their possession certain intoxicating liquors, to wit, 19 gallons of corn whisky, with the unlawful intent to sell the same. The record shows that when the case was called for trial, the defendant Homer Hart not ap-

pearing, his bond was forfeited. Appellants filed a motion for continuance by reason of the absence of said codefendant, Homer Hart, a material witness in their behalf, which motion was properly overruled.

A motion to suppress the evidence was also filed on the ground that the evidence in making the arrest and seizure was illegally obtained because said officer was not armed with a warrant of arrest and did not have a proper search warrant, which motion was overruled.

The testimony of George Lutes, deputy sheriff, shows that smoke out in the woods three or four miles south of Henryetta attracted his attention, and thinking it was possibly from a still went over there and noticed Homer Hart's car parked in a hollow; that he walked up the hollow and Homer Hart and Herb Hiatt were walking off from where there was some whisky and empty barrels. Hart had the still on his back and Hiatt had the worm, carrying it up the hill from where a run of whisky had been made, the fire was still there, and nearby he found 19 gallons of whisky in 5-gallon glass bottles and kegs. Hart and Hiatt were going away from the place and were about 20 to 30 yards from where the whisky was. W. M. Brannon was standing near the whisky and the barrels; that he called to Hart and Hiatt that they might as well bring their loads back, and Hiatt said, "Who in hell sent for you?"

At the close of the evidence for the state, there was a demurrer to the evidence on the ground that the same is insufficient to support a conviction, which was overruled. It is urged that the evidence is not sufficient to sustain the verdict, because it fails to show that the contents of the vessels seized were corn whisky or intoxicating liquor. The witness testified that the contents of the bottles and kegs was corn whisky. Corn whisky is presumed to be intoxicating without further evidence of that fact.

The contention that the evidence was obtained by an

illegal search and seizure is not well taken. Liquor found in thickets and waste places, remote from the residence of the accused, may be seized without search warrant and used in evidence. Fullingame v. State, 35 Okla. Cr. 154, 249 P. 166.

The instructions of the court fully covered the law of the case. Upon a consideration of the whole record, we find that the defendants had a fair trial. The judgments appealed from are therefore affirmed.

EDWARDS and DAVENPORT, JJ., concur.